Richard D.   Leave your hair After you comb your hair    our hair  I was trimming my hair   Like this It curved It cactus Now the first step is to wash both your hair The rest is vacuuming Stand please Oyez, oyez, oyez All persons and individuals before the Honorable United States Court of Appeals for the District of Columbia Circuit Firearms, gunmen and veterans before the United States God save the United States and all people Case number 15-3062 United States of America versus Daniel Fry Appellant Mr. Olshansky for the appellant Mr. Sabolt for the appellate Good morning Good morning May it please the court Michael Olshansky on behalf of the appellant My apologies for not anticipating that it would take  to get through the That's fine line today That's fine It seems like Mondays are always a bad day for the court line That's fine That's fine I am here to argue on behalf of the appellant with respect to the entry of his plea of guilty and subsequent sentencing before the U.S. District Court I think the first issue probably the court would want me to address is the issue  the appellant in his waiver of trial and waiver of right to appeal has forestalled any further argument on the on the the the the the the effectiveness or the substantial validity of the sentence that was imposed by the trial court We didn't argue that to begin with in our initial brief the government raised it and in our reply brief we responded to the government's allegation that because of the waiver of the right of appeal the appellant has forestalled from arguing with respect to the sentencing We do admit that the appellant in the written waiver did waive his right to appeal but we suggest that in looking at the totality of the circumstances especially the comments of the trial judge in sentencing that we believe that the entire proceeding must be considered with respect to whether or not the waiver is effective or not. And we point out that the trial court in sentencing after it imposed its sentence specifically referred to the fact that the sentence that it had imposed was within the sentencing guideline range did not exceed that range and as he commented it doesn't do that and it doesn't exceed the guideline range which is in compliance with the written agreement with respect to the waiver of the right to appeal. And so we would suggest that the trial court was predetermined throughout the process and that there was not really any true consideration of the factors that would necessarily be involved in imposing a sentence which would substantiate. Can your client's plea agreement specifically agree that a sentence within the range would be reasonable and consistent with 3553? It did. Okay, so why isn't that good enough? Well, our suggestion is that because of the again, the court looks at the totality of the circumstances including the waiver and the sentencing proceeding, we Your sentencing argument has nothing to do with the waiver of the appellate right. Your argument about whether the district court considered your arguments challenging the sentence and the guidelines and the use of 2G2, nothing to do with the appellate waiver issue. No, it doesn't. So then I'm not sure what totality I'm supposed to look at. Your client specifically agreed that a sentence within the guidelines range which this was, would be reasonable and consistent with the 3553 factors. So what argument do you have now on that? Well, our argument is that we don't believe that the waiver was effective in the sense that under the circumstances the trial court was had already predetermined what his sentencing had been. I thought your argument was that during the trial there was some confusion created by what the trial court said. Am I wrong about that? No. I think there was some confusion. What do you maintain was the confusing language? Well, our suggestion is that... I'm sorry, can I just clarify, are we talking about the appeal waiver or the sentence within the guidelines range? Just to be clear. Were you asking about the appeal waiver? Yes. Okay. I'm sorry. It's not confusing. If you can point me to the language that you found confusing. Of course it is. If we're talking about the appeal waiver, we're shifting to the appeal waiver then on the appeal waiver I thought the language that you're focused on is in the supplemental appendix at page 10? Yes. Supplemental appendix at page 10 is where there's an exchange between the judge and your client about the waiver of appeal rights. And we start at the top of the page and the judge says under some circumstances there's a waiver and the defendant says no, sir. And then there's a clarification. Can I just ask the following question? If the answer to that question do you understand that would have been yes, sir, then I take it there's no issue. There's been a waiver. I think that's correct. So it has to turn on what comes after no, sir. Yes. And what comes after no, sir, is well, if the court departs upwards you can bring an appeal challenging the reasonableness of the court's decision. If the court sentences you to a level higher than that, you can  appeal challenging the         a level higher than that, you can bring an   decision. I don't think the trial court in any way considered the appellant's arguments with respect to a sentence below the guideline range based upon the factors that are expressed in the sentencing guidelines. Mr. Shotsky, your time is up, but unless my colleagues have questions for you now, we'll give you time back. We'll hear from the government now. Good morning. Could you address Judge Millett's question? Absolutely. May it please the court, David Sable, on behalf of the United States. Your Honor, we're asking the court to enforce the appeal waiver of appellant's claim that the sentence was not reasonable on the ground that on page 10 the court did comply with Rule 11, specifically the requirement that he make sure personally that the defendant understood the waiver. Remember, this is a college-educated defendant. Where does he tell him that he's in any way given up an appeal right? Your Honor, this is a context where in writing he's agreed, he's stipulated that a guideline range sentence is reasonable. In writing he said, I'm waiving my appeal rights unless one of several specific conditions applies, none of which applies here, of course, as the court's well aware. And then the court says, if the sentence exceeds the guideline range, exceeds the statutory maximum, relies on a constitutionally impermissible factor, presents a culpable claim. How do we know that? If I just pick this up and read this, I don't know that it's all those things or what's in there or what's not in there. I would think my argument, the argument he's advancing now, that it's an unreasonable sentence given how all the things were computed and weighed and what was ignored would be exactly what would be permitted. Well, Your Honor, I think that argument would have a little more merit if any of those other things apply, except that his only claim here is that my sentence, which is in the guideline range, is unreasonable and that's the one thing... But you can appeal on reasonableness and you just said his argument is unreasonable. Now, it may be one that doesn't have merit, and he also doesn't challenge his plea as to that aspect of it, but I don't understand how that's not an argument about reasonableness that the district court told him he could make without ever telling him he was giving up a plea. I understand what the court is saying is you can appeal the reasonableness... He says limited circumstances, plural, reasonableness, and then I don't understand, and then he gives him an example. And yeah, he got the example. I understand what the court is saying, but the only example that applies here would be going above the guideline range. Well, I take it that you wouldn't disagree that if the follow-up clarification were for example, you can bring an appeal challenging the reasonableness of the court's decision. If the judge would have said for example, then you don't have an argument, correct? Because that's like the cases in which if you give one example and it doesn't seem like an example which leaves the defendant with the impression that that's only an example and there's lots of other things that could be done too, well then the defendant gets the benefit of the exchange with the trial judge who left the defendant with the benefit of  trial judge. First of all, in the other cases, in the three cases where the court mischaracterized the waiver, the court said things that were false. You know, you can appeal any illegal sentence. But this was a problem that the court would say, well, there are some circumstances and the court failed to enumerate what there were and perhaps the defendant was confused. The reason that that argument doesn't work in this case is because the only circumstance where he could have been confused is the one circumstance that the court made clear to clarify, which is that you can appeal the reason that you are giving up some appeal right. You're waiving an appeal right. All those other cases had language to that effect. This doesn't tell him anywhere that he's giving up or waiving anything. In fact, all that waiver stuff is back earlier. And then he's just talking about you have the right to appeal in limited circumstances, plural, like the other cases, and then gives one. Your Honor, I was trying to answer Mr. Boston's question, which is why I think our circumstance is not the circumstances that he's saying, which is because I thought the court did clarify this one point. I think you're asking me a different question, which is where is the court saying this is a waiver at all? How can the clarification tell him he's given up all other rights when it doesn't tell him he gets up anything? It says under some limited circumstances and in the context, right. And so what could he be confused about? Not that he has actually said he is confused. There's been no proffer of actual confusion. No, sir. No, sir. No, sir. That sounds like confusion. Well, then the judge clarified. He clarified. He listed one thing after saying plural and grounds of reasonableness. He lists an instance of a reasonableness appeal, but I think it turns on two things. One, that's not even an accurate comprehensive description of the grounds on which he could appeal. There were others that he could have appealed on. Right? And secondly, it requires the defendant to now know that I've gone from having a full appeal right, at least on the grounds of reasonableness, maybe he didn't even know he didn't know the grounds on which the appellant could appeal. And he should. I mean, this court has said many times, you should say this. I don't know why every judge in the courthouse doesn't do it. He didn't do it. Okay? I got that. But he did say, you can appeal the reasonableness of your sentence, if I go over the guideline range. And because he then did not go over the guideline range, the defendant could not be confused. That he would that he could appeal the     did not go over the guideline range. If we just start with the court giving the one example and he says, yes, I do, sir, I get that. If you look at the whole thing, the two examples    he          high school, what would the government's position be? Well, that would be a different case. I'm aware that it would  a different case. But I think the court said under limited circumstances you can appeal and then enumerates the one limited circumstance here. He could not have been confused on this. If we had been talking about reliance on a constitutionally impermissible factor, I think your court could say he didn't go over that factor orally. If we could talk about ineffective assistance of counsel, he didn't go over that factor. He went over this particular factor, this          that the court is saying. I don't want to repeat myself. It's not clear what the court is saying. Those of us who have litigated these cases know what the court probably is intending. But what the appellant understood, he didn't understand the first exchange. He may have understood the second exchange as being the sudden substance of the waiver. He may have. If he had the presence of mind to understand that, hey, the judge is only talking about one example and I know this because I just read my plea agreement, then, again, we don't have a problem because, guess what, he knows what his plea agreement says. It seems to me it's hard to make out how he would have been confused under either reading. Do we even have to sort that out given that he doesn't challenge his understanding of the plea term about the reasonableness of the sentence as long as within the guidelines range it was going to be reasonable in a reasonable consideration of the 35-53 factors? I'm not sure I quite understand your question. You've got the waiver issue, but there's a separate part of the plea agreement where he acknowledges that a sentence within the range would be reasonable and consistent with the 35-53 factors. Does that agreement necessarily fall if the appeal waiver falls? I read the cases and I read Rule 11 as saying the judge has to go over the understanding in open court. Typically that's the way it goes down. I think the two generally would be read together. That would be my understanding. What about the merits of his argument on reasonableness? Do you have arguments on that? Yes, Your Honor. The sentence was reasonable to the extent that courts intelligence. When they have this argument about the 2G2 factor, pushing everybody towards the high end or pushing everyone's guidelines and requirements up close to the statutory maximum. Appellant advanced a policy argument that had been suggested by the sentencing commission and rejected by the United States Congress. The court indicated quite clearly that it felt that under these circumstances it was deferring to the congressional judgment that the 2K2.2 was the appropriate guideline. And it did not conclude, did not believe, that absence any individualized arguments which were not made in this case and are not pressed in the brief, that this policy should  vary downward. And quite plainly, besides the court found that the crime was heinous, that the victims were real, that the victimization lasted a lifetime, the court found that this particular appellant had bartered his child pornography for the   victim. And the notion that this, he is similarly situated to other first-time offenders who might just have some images on their computer, was rejected by the court in a finding that the appellant hasn't even argued was clearly erroneous. On that ground alone, the argument lacks merit. It also lacks merit because the court was within its rights to agree with Congress, or at least to defer to Congress's judgment on this ground. And so for both those reasons, the sentence was reasonable. I don't understand any other argument to be pressed here other than that the court should vary downward. I don't see any individualized arguments made to this particular appellant as to why the court should vary downward. And I want to remind the court that Judge Leon said at the outset, look, I want you to know I don't buy that policy argument. I want you to know that's not the kind of individualized argument relative to your client that would merit my varying downward. It didn't happen, and the court made its findings. This was a reasonable sentence, and the court did say, look, based on this crime, I think this is a guideline range sentence. It should be at the high end, but because of the mitigating factors that you're advocating, I will sentence you in the middle of the guideline range, and that's what he did. Do we need to wrestle with the waiver issue given the argument that you just made? No. No. We believe that you do not. Obviously, the court could say that the sentence was reasonable in any event. And that's what we did in Shemarani just last year. Exactly. So in Shemarani, a very similar case, a policy argument was made about a variance. The court had heard it many times, and this court recognized, look, the district judge hears this kind of argument all the time. In all cases, the sentencing commission report gets trotted out, and the judge understandably can say, look, I heard it. I don't need to do this again. If you've got something new to say, I'm all ears, but I'm just not convinced. I'm letting you know. And that should be appreciated when the court does something like that, because it lets the parties know, don't waste your time on an argument that will not convince the court. There's nothing further the government will submit. Thank you. Thank you much. We'll give you back a minute for rebuttal. It shouldn't take much more than that. Clearly, if we have five attorneys who have been admitted to the bar, and three of whom are judges, are having a problem with understanding whether this waiver was understood by the appellant, the fact that he has some college education shouldn't necessarily mean that he's any wiser than the five of us with respect to the case. I would suggest that the defendant, the appellant, at the trial level tried to particularize with respect to his client a number of factors that the court ignored with respect to the individual sentence that he was requesting. One was that his involvement with pornography was short-lived. On what basis do you think they were ignored? Maybe that's why he went to the middle of the guidelines rather than the top of the guidelines. That's how I read the transcript. Well, counsel of the government had argued that the argument had not been individualized with respect to the defendant, with respect to the client. This is a first-time offender. The issue with respect to one of the issues that the trial court seemed to have a problem with was this suggestion that the appellant was bartering his production of more trial pornography in return for more images. And I would point out to the court that it's clear that the officer who was at the other end of this colloquy between the appellant and the person who was supposed to be producing this pornography, he is the one that suggested, or at least brought up the subject that he was sexually active with his own trial. And subsequent to that, there was a discussion about production of a... The client was going to pay him in pornography for him to rape a child. Yes. Would you take that into consideration? Well, you know, I think you have to take into consideration that the parties at both ends of this transaction were lying about what they were  And that's something that the trial court should have emphasized so much. So, under the circumstances, we believe that the trial court did not impose a substantially reasonable sentence. Thank you very much. Mr. Olszewski, you are appointed by the court to represent the appellant in this case, and the   Thank you.
judges: Griffith, Srinivasan, Millett